MILAM and others v. BRUFFEE Adm'r. of BRUFFEE and otheis.

SEPT. TERM .1840.

Milam and others v Bruffee adm'r of Bruffee.

1. On a judgment obtained under the provisions of the act of 19th Dec. 1821 (R. C. 1825, p. 195,) concerning "buildings," the execution can only issue against such property, charged with the lien, as the defendant owned or possessed at the time of the commencement of the suit.

2. In proceedings under the act concerning *"mortgages,"* all persons having an interest in the mortgaged property may join in the petition for the foreclosure and sale of the same. The proceedings under this act more resemble those of a court of equity, than those of a common law court.

Error to the Circuit Court of Washington County.

*Frissell for plaintiff in Error.*

That a judgment on account filed under the law regulating builders liens, is only a lien from the time of its rendition, and is a general lien upon all the real estate of the defendant situate in the county when the judgment is rendered unless the plaintiff in the action issues a sci. fa. according to the provisions of the statute and thereby renders his lien specific as to the building and the five hundred square feet subject to the builders lien under the statute, Stat. of 1823 page 193 sec. 3 and 4 and 9. That a sci. fa. is necessary in all cases when the builders lien is to be enforced, acts of 1825, p. 194, sec. 1, 3 and 4.

*Brickey for defendant in Error.*

1. Can the plaintiffs sustain this action upon the facts and circumstances set forth in their petition? I conceive not for the following reasons. 1, Because Bruffee the mortgager had no legal right or title to the premises in question at the time of the execution of the mortgage.

2. Because the lien raised by John Howe as a mechanic and builder, and for materials found in building a house upon the lot prior to the mortgage, will hold in exclusion of the mortgage. Digest of 1825 page 194 sec. 1, 2, 3 and 4 same book, do 196 do 9.

3. Because Ray acquired all the interest in the property, upon which the mortgage could operate, from Wash by his suit in chancery, and not directly by his purchase under the execution of Howe against Bruffee.

SEPT. TERM
1840.

Milam and
others
v
Bruffee adm'r
of Bruffee,

4. But for the suit of Ray v Wash there was nothing up- on which the plaintiffs could enforce their mortgage, nor would they ever have attempted to have done so had not Ray got the title in the lot as aforesaid.

5. I will further submit whether their can by three plaintiffs joined in one action shewing three separate, independent, and distinct interests, as in the present action, 1, Milam for himself, 2, Alford adm'r. of Bates 3, Charles Rankin adm'r. of Honey.

At law as well as in equity the courts will not take cognizance of distinct and separate claims or liabilities of different persons in one suit, tho' standing in the same relative position, 1 Chitiy, pl. 7-8.

### Opinion of the Court by Tompkins Judge.

This was a petition filed under the statute, to foreclose a mortgage on certain property in the county of Washington.

The petition was filed by Milam and others against Bruffee and others: it was demurred to and the demurrer sustained by the circuit court, and to reverse the decree of that court this writ of error was sued out.

The bill states that on the 29th day of March, in the year 1827, James Bruffee and wife executed to Elias Bates, John W. Honey, and the said William Milam, a mortgage deed on certain property, to secure to the said persons the payment of the following sums of money, to wit: to Elias Bates and John W. Honey the sum of $199,18, and to William Milam the sum of $140: that the land aforesaid was subject to redemption for one year after date of said mortgage, and after that time liable to be sold by the petitioners: that James Bruffee died leaving these debts unpaid, and that they have not been paid since his death: that on the 14th day of May 1827, John Howe filed in the office of the clerk of the circuit court of Washington county an account for labour, materials &c. applied to building a house for the said James Bruffee, on the said land, in order to establish a lien upon the said house, under the law for securing to mechanics and others payment for their labour &c. passed 19th December 1821, see digest of 1825 p. 194; and that at the March term

of the circuit court of Washington county, in the year 1829,
the said Howe obtained a judgment against the said Bruffee
for $255; and that to satisfy this judgment the lot of land
on which the house, built by said Howe as aforesaid, stood,
was sold, and that the said James S. Ray became the pur-
chaser at the price of $202: that the petitions believe that the
said Ray, either has conveyed or promised to convey the
said lot of ground to one Fielding McCormack, his son-in-
law, and therefore they the said petitioners pray that the
said James S. Ray, Fielding McCormack, William W. Smith,
who is in the actual possession of the premises, and Robert
C. Bruffee administrator of the said James Bruffee deceased,
be made parties; the petitioners further state that their mort-
gage deed was recorded before the 14th day of May 1827.
The petition conclude s with a prayer that the mortgaged
premises may be sold &c.

To this petition there was a demurrer, which the circuit
court sustained, and to reverse its judgment this writ of
error was sued out.

The second section of the act makes it the duty of every
person, wishing to avail himself of the benefit of this act,
to file with the clerk of the circuit court of the county in
which the building to be charged with the lien is situated,
and within one month after such demand shall have accrued
a just and true account of the demand justly due him, after
all just credits are given; which is to be a lien upon the
building &c. and the clerk is required to make an abstract
thereof in a book to be kept for that purpose, containing
the name of the person laying or imposing the lien, and of
him against whom or upon whose contract it is imposed &c.

The third section of the act requires the person wishing
to proceed against any property upon which he shall have
a lien by virtue of this act, to commence his suit in the or-
dinary form, and provides that no execution shall issue
against the property charged with such lien unless the de-
fendant shall have owned or possessed the said property,
at the time of the commencement of the said suit. The
time then at which this lien commences, is fixed by the act
itself at the time of the commencement of the suit, for it ex-

SEPT. TERM 1840.

Milam and others
v
Bruffee adm'r of Bruffee

On a judgment obtained under the provisions of the act of 19th Dec. 1821 (R. C. 1825, p. 195,) concerning "buildings," the execution can only issue against such property, charged with the lien, as the defendant owned or possessed at the time of the commencement of the suit.

pressly declares, that no execution shall go against the property charged with such lien, unless the defendant shall have owned or possessed the said property at the time of the commencement of the said suit. And certainly the framers of this law never could have intended that the plaintiff in such judgment should sell any greater interest in the said property than the defendant might happen to own or ' possess at the time of the commencement of the suit, in which the judgment was obtained; when this suit was commenced we are not told on the record, but we are told that the mortgaged deed of the petitioners was recorded before the 14th day of may 1827, which is the day when Howe under whom the defendants in error claim, filed his account; and he could not have commenced his suit before he filed his account, the probability is, that as he did not obtain a judgment till the March term of the circuit court for Washington county in the year 1829, the suit was commenced some months after the account was filed. The demurrer admits every material statement in the bill; it is admitted then that the mortgaged deed was recorded before the account of Howe was filed, consequently the deed of mortgage must have been recorded before the commencement of the suit. for the account must, by the requisition of the act, be filed before the commencement of the suit. At the time then when this suit was commenced the petitioners had a lien on this lot of land on which the house is built, and consequently on the house itself, to secure the payment of the money due them. Howe, then could .sell nothing but the equity of redemption which alone was in Bruffee when Howe's suit was commenced.

But it was also contended by the counsel for the defendant in error that the petitioners could not join in these proceedings, and authorities were read from Chitty which might have been of more weight had this been a common law proceeding. The proceeding is a creature of the statute brought into existence six or eight years before courts of equity had even a legal existence under the Territorial Government; and twelve or fifteen years before courts of equity existed here for any practical purpose; and this statutory proceeding more resembles the proceedings of a

In proceedings under the act concerning "mortgages," all persons having a an interest in the mortgaged property may

court of equity, than those of a court of common law. If each one of the petitioners had filed his separate petition it would have become necessary that each should make the two others co-defendants, with the other defendants. No advantage would have been gained by such a course, and the costs would have been much greater; indeed they would have been oppressive, and the representative of the deceased might well have contended that as his intestate gave them a joint interest in the land they ought to join in their petition, and not oppress him with separate suits.

SEPT. TERM. 1840.

Milam and others v Bruffee adm'r of Brnffee, join in the petition for the foreclo- sure and sale of the same. The proceed- ings under this act more resemble those of a court of equi- ty, than those of a common law court.

The judgment of the circuit court in such cases is like a decree in chancery, it directs the mortgaged premises to be sold and the principal and interest to be paid to the peti- tioners, and the remainder to the administrator. The court can and ought to distribute the proceeds of the sale to each petitioner according to his right, and should the mortgaged premises not be sold for enough to satisfy the demands of each party, then the court will apportion the proceeds, in sepa- rate actions, this could not be so well done. So far am I from considering it to be wrong for the petitioners to proceed jointly, that had they proceeded separately, I should have considered it to be the duty of the circuit court to make them consolidate their actions, and pay the costs incurred by their separate proceedings. For the reasons above given, I am of opinion that the judgment of the circuit court ought to be reversed, and Judge Napton concurring it is accor- dingly reversed, and the cause will be remanded for further proceedings, and that the defendants in error have leave to amend their pleadings.